The opinion of the . Court was delivered by
Wardlaw, J.
The indictment contains two counts. Both allege that at the trial of slaves, before a Court of Magistrate and Freeholders, it “became a material inquiry,” whether the incident occurred, as to which it is alleged that the defendant, sworn as a witness on the trial, deposed falsely: both conclude contra formam statuti: both, in deducing, at the close, the result found by the grand jury, allege in proper terms, the defendant’s guilt of “ wilful and corrupt perjury ” in the course of a judicial proceeding, after an oath taken before a tribunal competent to administer it: the first, in assigning the perjury, uses the common law terms “wilfully and corruptly” along with “voluntarily:” the second, in such assignment, uses the words “knowingly, falsely, corruptly, wilfully and wickedly:” neither in express terms says that the oath was “required by law.”
Either count sufficiently charges a common law perjury, and the conclusion, cont. form. stat. may be struck out as sur-plusage. (1 Chit. Or. Law, 289; 1 Saund. 135, n. 3.) But the conviction of the defendant under the common law cannot be sustained, for the jury were instructed that the materiality of the matter falsely sworn to need not be investigated. By the common law the oath must be material to the question depending. It is not necessary that it should be directly material in substance to the very issue pending; for it may be only circumstantially and remotely pertinent; it may only affect the credit to be given to the witness, or serve to aid *155 other more important evidence. (1 Hawk. P. C. c. 69, s. 8; 1 Ld. Bay. 258; Regina vs. Overton, 1 C. & Mars. 655; 41 Eng. C. L. Rep. 855.) If, however, it is wholly foreign to the purpose, perjury cannot grow out of it.
The attempt has been made to sustain the conviction without inquiry into materiality, by the Act of 1883, which has been recited in the report. That Act is supposed to have introduced a new definition or description of the crime of perjury, according to which it is sufficient to show false swearing in an oath required by law and administered by a competent person, and unnecessary to allege or prove the materiality. Admitting this, the conviction here was wrong, for here the materiality is alleged, and the allegation although beyond what was necessary must be proved. But in almost any oath required by law, which this Act might embrace, but which the common law of perjury would not include, there might be mixed up with what the law requires other idle and impertinent matter, which the law did not require, and to which the legal offence punishable by the Act would not extend. Eor instance, a tax payer in making return of the number of his slaves to a tax collector, might falsely and impertinently make statements about the qualities of the slaves, which would no more constitute perjury under the Act, than at common law it would be perjury for a witness in Court, when under examination in a case between third persons, to give a false answer to a question which the Judge might address to him, concerning some unconnected bargain between himself and the Judge.
We could then hardly attain the conclusion that, materiality was unnecessary to be considered, even if this was to be regarded as an indictment wholly under the Act of 1883.
That Act in this case is important only as it may affect the punishment. The addition of whipping at the discretion of the Judge, to the common law punishment of perjury, which the Act makes, is urged by the solicitor as an argument to show, that the Act was intended to embrace all cases of per *156 jury: for tbe plainer oases, wbicb bad always been punishable, and wbicb usually concern tbe most solemn proceedings, cannot be supposed less worthy of ignominious punishment than tbe new cases provided for by tbe Act. Tbe words of tbe Act are susceptible of tbe construction wbicb tbe solicitor has given to them, for every oath in wbicb perjury at common law may be committed, may well be said to be required by law; but on tbe other band, it is contended that tbe purpose of tbe Act was not to alter tbe punishment of all perjury/but to provide for cases of false swearing not before punishable. Tbe Court reserves its opinion on this point. To those who may argue it hereafter, it is suggested, that tbe Act may have been intended to remove doubts as well as to increase tbe punishment, or extend it to new cases; that tbe earlier definitions of perjury at common law seem to regard as essential only a false oath taken before a competent person, and sworn positively in a material point, (3 Inst. 164; Com. Dig. Justices of Peace, B. 102;) that tbe modern decisions require tbe oath to be taken in a judicial proceeding before a competent jurisdiction, and to be material to tbe question depending, 1 Durn. & East, 69; and that at common law some false swearing, not strictly amounting to perjury, was an indictable misdemeanor. 8 East. 365.
Because of tbe misdirection in this case, tbe motion for new trial is granted.
■ O’Neall, Withees, Whithee, Glover, and Muneo, JJ., concurred.

Motion granted.